**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: STEPHEN LAW, | No. 14-60049 |
| Debtor. | BAP No. 13-1344 |
| —————————————— | |
| STEPHEN LAW, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ALFRED H. SIEGEL, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Kirscher, and Taylor, Bankruptcy Judges, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Chapter 7 debtor Stephen Law appeals pro se from a judgment of the

Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order

———————————

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

authorizing the payment of professional fees as proposed in the chapter 7 trustee's amended final report. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

Law has not demonstrated that the bankruptcy court abused its discretion or otherwise identified any error in the bankruptcy court's order approving the payment of professional fees proposed in the chapter 7 trustee's amended final report. *See In re Bennet*, 298 F.3d 1059, 1063 (9th Cir. 2002) ("The bankruptcy court's attorneys' fee determination will only be reversed if the court abused its discretion or erroneously applied the law.").

We reject as without merit Law's service-related contentions and his unsupported allegations of wrongdoing on the part of the trustee and the trustee's counsel.

We do not consider Law's contentions related to a separate appeal.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-60049